**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARA & MICHAEL TILLER, *as parents and next friend of minor child* A.T., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 07-1736 (JR) |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now defendant District of Columbia, by counsel, and replies to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, filed February 29, 2008, as follows:

**I.   The Hearing Officer correctly determined the issue of whether DCPS evaluated A.T. in all areas of suspected disability.**

Plaintiffs allege that DCPS failed to evaluate the student's need for physical therapy ("PT"), and that the administrative due process hearing officer ("HO") erred in not so concluding. (Opposition at 3) However, plaintiffs fail to acknowledge that, while members of the DCPS team who attended A.T.'s Individualized Educational Plan/ Multidisciplinary Team ("IEP/MDT") meeting concluded that "[p]hysical therapy was not recommended for A.T. because her physical functioning does not have an adverse impact in the educational environment," they nonetheless agreed to complete a physical therapy evaluation. (R. at 164) On February 23, 2007, 23 days after the IEP/MDT

meeting was held, DCPS completed a PT evaluation of the student. (Defendant's Ex. 1 attached to Motion for Summary Judgment)

## II. The Hearing Officer correctly determined the student suffered no educational harm from her IEP and placement determination not being completed until 3 months after her third birthday.

A.T. was born on October 17, 2003. (Plaintiffs' Motion at 4) In April 2005, the student's parents enrolled her in The River School, a private educational institution. (Id., TR. at 97) On July 13, 2006, A.T. was found eligible to receive services in the DC Early Intervention Program and an Individualized Family Service Plan ("IFSP") was developed for the student. (AR. at 76) The student continued her schooling at The River School. (AR. at 83, TR 69-70) On February 1, 2007, approximately three months after A.T.'s third birthday, DCPS completed the student's initial IEP.[1] (AR. at 173-186). The Hearing Officer ("HO") correctly determined that this minor delay in developing the student's initial IEP did not cause her any educational harm and thus concluded there was no denial of a free appropriate public education ("FAPE"). (AR at 14)

Noncompliance with IDEIA's procedural provisions does not constitute a per se violation warranting relief. To recover under IDEIA for violation of a procedural provision, a plaintiff "must show harm to [the student] as a result of the alleged procedural violations." *See, e.g., Lesesne v. District of Columbia,* 447 F. 3d 828, 834 (D.C. Cir. 2006); *accord Metro Bd. Of Pub. Educ. v. Guest,* 193 F.3d 457, 464-65 (6th Cir. 1999); *Kruvant v. District of Columbia,* 99 Fed. Appx. 232, 233 (D.C. Cir. 2004) (denying relief under IDEA because' although DCPS admits that it failed to satisfy its responsibility to assess [the student] for IDEA eligibility within 120 days of her parent's

---

[1] DCPS was prepared to hold the IEP meeting on December 18, 2006, but The River School's personnel were not available on that date. (AR 191-192)

2

request, the [parents] have not shown that any harm resulted from that error'); *See also Razzaghi v. District of Columbia,* Civ. No. 03-1619 (D.D.C. Sept. 28, 2005), Mem. Op. at 16; *C. M. v. Bd. Of Educ.,* 128 Fed. Appx. 876, 881 (3d Cir. 2005) (per curiam) ('[O]nly those procedural violations of the IDEA which result in loss of educational opportunity or seriously deprive parents of their participation rights are actionable.'); *M.M. ex rel. D.M. v. Sch. Dist.,* 303 F.3d 523, 533-34 (4th Cir. 2002) ('If a disabled child received (or was offered) a FAPE in spite of a technical violation of the IDEA, the school district has fulfilled its statutory obligations.'); *Weiss v. School Bd. of Hillsborough County*, 141 F.3d 990, 996 (11th Cir. 1998).  See *Metropolitan Bd. of Pub. Educ. v. Guest*, 193 F.3d 457, 464-65 (6th Cir. 1999) (school district's failure to comply with IDEIA's procedural requirements constitutes denial of FAPE only if such violation causes substantive harm to child or his parents); *Gadsby v. Grasmick*, 109 F.3d 940, 956 (4th Cir. 1997) ("To the extent that the procedural violations did not actually interfere with the provision of a free appropriate public education, these violations are not sufficient to support a finding that an agency failed to provide a free appropriate public education."); *Cordrey v. R.J. Euckert*, 917 F.2d 1460, 1467 (6th Cir. 1990)(procedural objections inadequate where no showing of loss of educational opportunity to student); *Doe v. Alabama State Dept. of Ed.*, 915 F.2d 651, 660 (11th Cir. 1990) (notice deficiencies did not violate IDEA's predecessor where parents had full and effective participation in IEP process); *Burke County Bd. of Educ. v. Denton*, 895 F.2d 973, 982 (4th Cir. 1990) (refusing to award compensatory education when "the procedural faults committed by the Board . . . did not cause [the student] to lose any educational opportunity"); *Daugherty v. Hamilton County Schools*, 21 F.Supp.2d 765, 772 (E.D.Tenn. 1998) (school district's failure to comply with

IDEA's procedural requirements constitutes denial of FAPE only if such violation causes substantive harm to the child or his parents); *Evans v. Board of Educ.*, 930 F.Supp. 83, 93-94 (S.D.N.Y. 1996 (relief is warranted only if procedural violation is found to have affected student's right to FAPE).  See also, e.g., *MM v. School Dist. of Greenville County*, 303 F.3d 523, 533-35 (4th Cir. 2002)(procedural failure does not violate IDEA where no resultant lost educational opportunity); *Board of Educ. of Montgomery County v. Brett Y.*, 1998 U.S.App.LEXIS 13702, * 36 (4th Cir. 1998)("To support a finding that a student has not been provided with a FAPE, procedural violations must be serious and cause the student to lose educational opportunity"); *Board of Educ. of Arlington Heights School Dist. No. 25 v. Illinois State Bd. of Educ.*, 2001 U.S.Dist.LEXIS 6994 (N.D.Ill. 2001)(defendant not entitled to compensatory education where imperfect procedural implementation of IEP process did not deny defendant FAPE); *Barber v. Bogalusa City School Board*, 2001 U.S.Dist.LEXIS 8156, *14 (E.D.La. June 12, 2001)

    Here, there has been no showing that any substantive harm resulted to either the parents or the student, or that the student lost any educational opportunity as a result of the three month delay in developing the student's initial IEP.   As the HO found, the student has consistently been attending the private placement where her parents placed her and has been receiving the services required in her IEP.  (AR. at 20)

    **III.**        **The Hearing Officer correctly determined that DCPS developed an appropriate IEP for A.T.**

    On February 1, 2007, DCPS developed an IEP for the three year old student that required DCPS to provide the student with 1.5 hours of Speech and Language per week, 1 hour of Occupational Therapy per week, 1 hour of Audiology per week, and .5 hours of Occupational Therapy consult per month.  (R. at 173)  In arriving at its determination of

4

the student's needs, the IEP/MDT team reviewed the student's educational evaluation, which indicated average to above average scores. (AR at 160)  The team also reviewed the student's speech evaluations which indicated below average scores. (Id.)  A review of the student's audiological evaluation indicated that she was progressing well with her cochlear implant. (AR at 160)  A.T.'s IQ test indicated that she received a Nonverbal IQ score of 145, "plac[ing] her in the Superior range of cognitive functioning".  (AR at 162)  The report of the Vineland Behavior Scale, administered to the student in November 2006, provided the following scores: "Communications 66, Socialization 79, Daily Living Skills 90, and Motor Skills, 85."  (AR at 162)

      As a result of discussions and review of the evaluations the team determined that the student was eligible for special education services as a student with a Hearing Impairment.  While The River School sought to have the student found eligible as a student with a Speech and Language Impairment ("SLI") as well as a Hearing Impairment ("HI"), DCPS disagreed "because A.T.'s main disability is a hearing impairment, and her speech and language impairment is a result of the hearing impairment," (AR at 160) Thus, plaintiffs' main disagreement with the IEP appears to be that the student was not found eligible as a student with a Speech and Language Impairment.  The parents do not take issue with the IEP's goals and objectives, which were all written by The River School staff.  (AR at 9)  Further, even had the student been coded as HI and SLI, her current IEP goals and objectives would be the same (AR at 517) because they were developed in order to close the gap between the student's "present performance levels" and the function level of her comparable age peers.  (AR at 557)

### IV. The Hearing Officer correctly determined that DCPS proposed an appropriate placement for A.T.

The issue of an appropriate placement for A.T. was briefed previously in Defendant's Motion for Summary Judgment, at 5-8, 14-16, and in Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 6-8.  Defendant will not burden the court by repeating the arguments previously set forth, but incorporates them by reference in this Reply.[2]

### CONCLUSION

Plaintiffs have failed to show in their Motion and Opposition that the Hearing Officer erred in finding that the District of Columbia met its obligation under the IDEIA to provide FAPE to A.T.  Accordingly, their Motion should be denied, and Defendant's Cross Motion for Summary Judgment should be granted.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

---

[2] Defendant only wishes to add that it is abundantly clear from the record that plaintiffs have never seriously considered removing A.T. from the The River School.  All of plaintiffs' children attend the River School (TR at 73) and Mrs. Tiller testified that she was only willing to remove A.T. from the River School "[d]epending on the placement."  (TR at 71)

        /s/ Maria L. Merkowitz  
        MARIA L. MERKOWITZ [312967]  
        Senior Litigation Counsel  
        441 4th Street, N.W.  
        Sixth Floor North  
        Washington, DC 20001  
        (202) 442-9842  
        FAX  -  (202) 727-3625  
        E-mail – maria.merkowitz@dc.gov

April 30, 2008